IN THE UNITED STATES DISTRICT CIRCUIT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

**ALICIA DAWN DAVIS**

    **PLAINTIFF**

v.                                            **NO.** 3:22cv133-SA-JMV

                                                **JURY DEMANDED**

**TARGET CORPORATION**
**and HUSSMAN CORPORATION**

    **DEFENDANTS**

## COMPLAINT FOR DAMAGES

COMES NOW Plaintiff, Alicia Dawn Davis, and files this Complaint for damages against the Defendants, Target Corporation and Hussman Corporation, and would show the Court as follows:

## PARTIES

1. Plaintiff, Alicia Dawn Davis, is an adult resident citizen of Olive Branch, Desoto County, Mississippi.

2. Upon information and belief, Defendant Target Corporation (hereinafter "Target"), is incorporated under the laws of the State of Minnesota and has its principal place of business in the State of Minnesota. Target may be served with process by serving its registered agent CT Corporation System at 645 Lakeland East Drive Suite 101, Flowood, Mississippi 39232.

3. Upon information and belief, Defendant Hussman Corporation (hereinafter "Hussman"), is incorporated under the laws of the State of Missouri and has its principal place of business in the State of Missouri. Hussman may be served with process by serving its

registered agent CT Corporation System at 631 Lakeland East Drive, Flowood, Mississippi 39232.

## JURISDICTION AND VENUE

4. Jurisdiction is properly founded on diversity of citizenship as complete diversity of citizenship exists between the Plaintiff and the Defendants and the matter in controversy exceeds, exclusive of interest and costs, the sum specified by 28 U.S.C. §1332.

5. All events which form the basis of this Complaint for Damages are based in tort and occurred in Desoto County, Mississippi and therefore Venue is properly situated in this Court.

## FACTS

6. At all times relevant to the Complaint, Defendants Target was the owner/operator of a chain store called Target located at 5150 Goodman Road, Olive Branch, Mississippi.

7. On or about July 12, 2019, Ms. Davis was shopping in the Target store and was a business invitee of Defendant Target.

8. Ms. Davis was walking through the store and as she turned down aisle G14 to get popsicles from the back wall she suddenly slipped and fell without warning on a large puddle of water coming from a cooler.

9. At the time of Ms. Davis' fall a pool of water stretched across the aisle, but the white shiny floor tile and bright lights disguised the unreasonably dangerous condition presented by the leaky cooler, as it was not visible to Ms. Davis until after she was looking at floor level, after her fall.

10. The unreasonably dangerous condition was hidden by the bright lights and shiny white floor concealing the hazard in such a manner that is constituted a trap.

11. Upon information and belief, at all times relevant to the Complaint, Defendant Target alleges that Defendant Hussman was responsible for maintaining the coolers at the subject Olive Branch Mississippi Target Store.

12. As a result of slipping and landing on the floor Ms. Davis sustained severe, permanent injuries to her left ankle, for which she received treatment and lost time from work.

13. Plaintiff continues to experience pain and swelling in her ankle numerous days per week and is suffering from complications related to her misaligned ankle, including but not limited to bone spurs, which are more likely than not to require surgical repair in the future as a result of fall.

14. As result of her injuries, Plaintiff incurred medical bills and anticipates that she will incur additional medical bills in the future.

15. Upon information and belief, the leaky cooler had been in disrepair and leaked for an extended time prior to Ms. Davis' injury.

16. Upon information and belief Defendant Target had notified Defendant Hussman that the subject cooler was leaking prior to Ms. Davis' fall.

17. Upon information and belief, Defendant Hussman had taken steps to maintain the subject cooler and repair the leaks prior to Ms. Davis' fall.

18. Defendants, as owners, operators, and/or maintainers of the leaky cooler, had a duty to maintain, repair, and keep safe the aisles of the Olive Branch Target store and remedy or warn of known hazards.

19. Upon information and belief, the Defendants knew or should have known by reasonable inspection of the dangerous condition because it existed numerous times before and after Plaintiff's fall.

## CAUSES OF ACTION
## COUNT I – NEGLIGENCE

20. The Plaintiff repeats the allegations contained in paragraphs 1-18 as though set forth verbatim.

21. At all times relevant to the Complaint, Defendants' employees, agents, and/or servants were acting within the course and scope of their employment.

22. Defendants owed Plaintiff a reasonable degree of care to maintain the Target store and leaky cooler in such a manner as to not create a dangerous condition that would endanger persons, and specifically Plaintiff, walking through the store.

23. Defendants failed in that duty and said failure of that duty constituted negligence that was the proximate cause of the incident complained of here and the injuries suffered by Plaintiff.

24. One or both Defendants failed to inspect the area surrounding the leaky cooler and correct the unreasonably dangerous condition where members of the public would ordinarily be expected to walk.

25. One or both Defendants failed to warn members of the public, and specifically the Plaintiff, of the dangerous condition that existed in the Target store due to the leaky cooler.

26. One or both Defendants failed to properly train its employees to properly inspect and/or maintain the store and its coolers.

27. Upon information and belief, Defendant Hussman notified Defendant Target prior to Plaintiff's fall of the repairs and/or replacement necessary to maintain and/or replace the cooler to stop if from leaking and Defendant Target disregarded Hussman's advice and were negligent in putting store profits above the safety of its customers, which created a

dangerous condition with total disregard for the safety of its customers and it continued such conduct in reckless disregard of the consequences.

28. As a proximate result of the negligence of Defendants, Plaintiff has suffered damages as enumerated herein.

## DAMAGES

29. The Plaintiff repeats the allegations contained in paragraphs 1-27 as though set forth verbatim.

30. Plaintiff charges and alleges that as a direct and proximate result of one, some or all of the aforesaid acts of negligence, that she has suffered injuries, both temporary and permanent in nature, including but not limited to:

   a. Past and future personal injuries and damages;

   b. Past and future physical pain and suffering;

   c. Permanent injury and disfigurement;

   d. Loss of enjoyment of life;

   e. Lost earnings and earning capacity; and

   f. Past and future medical expenses.

## REQUESTED RELIEF

WHEREFORE, Plaintiff respectfully prays for judgment against Defendants as follows:

1. That Plaintiff, Alicia Davis, be awarded the present cash value of any medical care and treatment incurred or will have to incur in the future;

2. That Plaintiff be awarded special damages for medical, hospital and doctors expenses incurred, according to proof;

3. That Plaintiff, be awarded compensatory damages from the Defendant in the amount of One Hundred and Twenty-Five Thousand and no/100ths Dollars ($125,000.00);

4. That Plaintiff be awarded post-judgment interest as allowed by law;

5. That a jury be empanelled to try the issues which joined; and,

6. Such further relief as the Court may deem just and equitable.

Respectfully submitted,

**ALICIA DAWN DAVIS**

**BY:**

/s/ *Jennifer L. Miller*
Jennifer L. Miller (# 100550)
*Attorney for Plaintiff*
517 Magnolia Mound Drive
Memphis, Tennessee 38103
Phone: (901) 545-9569
Jlmiller.memphis@gmail.com